IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE M. WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2087-L** |
| | § | |
| **AMERICAN DENTAL ASSOCIATION,** | § | |
| it constituent associations and/or societies, | § | |
| their members and the members marital | § | |
| estates; **THE TEXAS STATE BOARD** | § | |
| **OF DENTAL EXAMINERS; and TEXAS** | § | |
| **DENTAL ASSOCIATION** and their consti- | § | |
| tuent associations and/or societies, their mem- | § | |
| bers and their members marital estates, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the following motions:

1.  Defendant Texas Dental Association's Motion to Dismiss [Doc. # 19], filed April 21, 2011;

2.  Defendant State Board of Dental Examiners' Motion to Dismiss Plaintiff's Amended Complaint [Doc. # 22], filed April 25, 2011;

3.  Defendant American Dental Association's Motion to Dismiss All Claims Without Leave to Amend [Doc. # 24], filed April 25, 2011;

4.  Plaintiff's [George M. White] Motion to Submit Additional Comments and/or Case Law in Support of Plaintiff's Rights to Exercise Their Constitutional Rights to Labor at Their Chosen Occupation [Doc. # 26], filed May 9, 2011;

5.  Plaintiff's [George M. White] Motion for Summary Judgment [Doc. # 27], filed May 9, 2011;

6.  Plaintiff's [George M. White] Motion to Submit Comments Material to the Commerce Clause of the United States Constitution as it Relates to the Relevancy of the Issues at Hand [Doc. # 29]; filed May 9, 2011;

7.  Plaintiff's [George M. White] Motion to Submit Additional Case and/or Statutory Laws Providing Additional Evidence of Wrongdoing on the Part of Defendants [Doc. # 34], filed June 6, 011;

8.      Plaintiff's [George M. White] Motion to Set Court Date [Doc. # 36], filed June 10, 2011;

9.      Plaintiff's [Keith Allison][1] Motion to Submit Further Information Relative to This Case as Found by The Federal Trade Commission vs. North Carolina Dental Board's Motion to Dismiss Allegations that It Stifled Competition for Teeth-Whitening [Doc. # 37], filed June 22, 2011;

10.     Plaintiff's [Keith Allison] Motion to Submit Settled Case and/or Statutory Laws in Favor of the Public and Plaintiff's Interests [Doc. # 41], filed July 5, 2011;

11.     Plaintiff's [Keith Allison] Motion for Judicial Cognizance of Plaintiffs Informing the Court that Until the Date of This Filing, Plaintiffs Have Received No Prior Documents from Defendants [Doc. # 43], filed July 6, 2011;

12.     Plaintiff's [Keith Allison] Motion to Submit Additional Allegations of Defendants Participation in Wrong-doings in Violation of Plaintiff's Constitutional Protected and/or Common Law Rights [Doc. # 46], filed August 1, 2011;

13.     Plaintiff's [Keith Allison] Motion (Request for Court Clerk to Arrange Neutral Meeting Place) [Doc. # 47], filed August 8, 2011;

14.     Plaintiff's [Keith Allison] Motion to Dismiss Defendants Latest in a Long Line of Motions to Dismiss Plaintiff's Motions and/or Filings [Doc. # 48], filed August 8, 2011;

15.     Plaintiff's [George M. White] Motion to Inform the Court that Plaintiff's Have Attempted to Contact Defendants Law Firm in Order to Comply With the Court's Order to Set a Meeting No Later Than 11 August 2011 [Doc. #50], filed August 8, 2011;

16.     Plaintiff's [Keith Allison] Motion to Submit Report Ordered by the Court [Doc. # 54], filed August 22, 2011; and

17.     Plaintiff's [Keith Allison] Motion for Summary Judgment [Doc. # 55], filed August 22, 2011.

The court, after careful consideration of the motions, briefing, and applicable law, **grants:**

(1) Defendant Texas Dental Association's Motion to Dismiss; (2) Defendant State Board of Dental Examiners' Motion to Dismiss Plaintiff's Amended Complaint; and (3) Defendant American Dental Association's Motion to Dismiss All Claims Without Leave to Amend. The court **denies as moot** the remaining motions (4-17).

---

[1]The court, for reasons later explained, does not consider Keith Allison to be a proper plaintiff to this lawsuit.

**Memorandum Opinion and Order - Page 2**

I.     **Background**

The live pleading and only one that is *properly* before the court in this action is Plaintiff's Amended Complaint, filed January 20, 2011, by George M. White ("Plaintiff" or "White"). Defendants in this action are the American Dental Association ("ADA"), the Texas State Board of Dental Examiners (the "Board"), and the Texas Dental Association ("TDA") (collectively, "Defendants").   Plaintiff purports to allege myriad claims against Defendants in an amended pleading that bears no semblance to a model of pellucid draftsmanship.   He contends that Defendants, along with state elected officials and judges, have wrongly deprived and conspired to deprive him and other denturists from practicing their chosen profession of denturitry or denturism in that he and other denturists are not allowed to practice as "free and liberated denturist[s]" in the State of Texas.

This circuit describes a denturist as "a person other than a dentist (usually a technician) who engages in the practice of the denture phase of prosthodontics.   He takes oral impressions of the mouth and then constructs, fits and places dentures." *Rayborn v. Mississippi State Bd. of Exam'rs*, 776 F.2d 530, 530 (5th Cir. 1985).   The dictionary definition of denturist is "a dental technician who makes, fits, and repairs dentures directly for the public."   Merriam-Webster's Collegiate Dictionary 334 (11th ed. 2004).

Plaintiff purports to set forth twenty-eight claims against Defendants: (1) Violation of Civil Rights Act, 42 U.S.C. § 1983; (2) Conspiracy to Interfere with Civil Rights, 42 U.S.C. § 1985; (3) Failure to Prevent Civil Rights Violations, 42 U.S.C. § 1986; (4) Civil Racketeer Influenced and Corrupt Organizations Act ("RICO") Violations, 18 U.S.C. §§ 1961-1965; (5) Violation of Bivens Doctrine; (6) Intentional Violation and Deprivation of Common Law Torts; (7) Violation of

Constitutional Rights and Protections; (8) Fraud Against Plaintiff; (9) Conspiracy; (10) Fraudulent and Intentional Interference with Prospective Economics Advantage; (11) Negligent Interference with Prospective Economic Advantage; (12) Intentional Infliction of Emotional Distress; (13) Negligent Infliction of Emotional Distress; (14) Destruction of Quality of Life; (15) Destruction of Plaintiff's Creditworthiness; (16) Breach of Fiduciary Duty and Fraud; (17) Breach of Duty; (18) Invasion of Privacy; (19) Interference with Professional and Business Relations; (20) Violation of Constitutional Due Process; (21) Vicarious Liability; (22) Omission of a Duty; (23) Fraudulent Taking of Businesses; (24) Taking Earning Capability; (25) Retaliation for Reporting Criminal Activities; (26) Retaliation for Exercising Due Process Remedies; (27) Right to Life, Liberty, and Property; and (28) Criminal Acts Perpetrated or Aided by Defendants.  Plaintiff's true target is that portion of the Texas Dental Practice Act that requires those who practice dentistry in the State of Texas to be licensed.  Because of the licensing requirement, White contends the statute is unconstitutional and invalid, and that a number of his constitutional and common law rights are being violated.

All Defendants have filed motions to dismiss and asserted various grounds for dismissal. The common thread among all Defendants is that they have sought dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Plaintiff has failed to state a claim upon which relief can be granted.  The Board, however, contends that it is entitled to immunity, and the court will address that argument first.  The court then addresses the 12(b)(6) argument.  The court's discussion of 12(b)(6) is an alternative holding with respect to the Board in the event a determination is later made that the Board is not entitled to immunity.

## II.   <u>Legal Standards</u>

### A.   Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.      Standard for Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

## III.   Discussion

### A.   Eleventh Amendment Immunity

The Board contends that it is immune from suit pursuant to the Eleventh Amendment to the United States Constitution because it is an agency or arm of the State of Texas.  The court agrees.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens of Subjects of any Foreign State."  U.S. Const. amend. XI.  "[T]he reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."  *Southwestern Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir. 2001) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (Eleventh Amendment jurisdictionally bars suits against a state and its agencies unless state waives immunity or Congress, pursuant to section five of the Fourteenth Amendment, intentionally abrogates immunity); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 56-58 (1996); *Texas v. Walker*, 142 F.3d 813, 820 (5th Cir. 1998).

There is no question that the Board is an agency or arm of the State of Texas.  "[T]he Texas Board of Dental Examiners is an administrative agency.  It is charged with the duty of acting in the enforcement of the statutes regulating the practice of dentistry [in the State of Texas]."  *Texas State Bd. of Dental Exam'rs v. Fieldsmith*, 386 S.W.2d 305, 308 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.), *cert. denied*, 382 U.S. 977 (1966).  Moreover, the statute creating the Board and outlining

its duties clearly shows that it is an arm of the State.  Given that it cannot be seriously disputed that the Board is an arm or instrumentality of the State of Texas, the court finds it unnecessary to conduct an analysis of the factors set forth in *Southwestern Bell Telephone Company v. City of El Paso*.[2]

The Eleventh Amendment, however, does not bar a federal court from issuing prospective injunctive relief against a state official to prevent a continuing violation of federal law.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984); *AT&T Comms. v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 644 (5th Cir. 2001).  In this case, however, Plaintiff did not sue a state official, and, therefore, there is no basis to enjoin any state official's future conduct.  None of the exceptions regarding Eleventh Amendment immunity is present.  Accordingly, this action is jurisdictionally barred against the Board pursuant to the Eleventh Amendment.

### B.    Factual Insufficiency of the Complaint

Plaintiff's arguments regarding the underlying statute that serves as the basis for his lawsuit are fundamentally flawed.  Plaintiff's Complaint and the arguments made in support of his Complaint are factually and legally deficient.  Therefore, none of his purported claims is viable, and dismissal of his Complaint for failure to state a claim upon which relief can be granted is appropriate.

---

[2]As articulated by the Fifth Circuit Court of Appeals:

> These factors include (1) whether the state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether it has the right to hold and use property.

*Southwestern Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 938 (5th Cir. 2001) (citation omitted).

The court has pored over Plaintiff's 62-page Complaint. The Complaint is woefully deficient insofar as asserting the factual bases for the purported claims Plaintiff asserts. The allegations against Defendants are factually baseless. They essentially boil down to one singular premise: Defendants, state judges, and elected officials have deprived or conspired to deprive him and others of the ability to practice as denturists in the State of Texas. Virtually all of White's claims allege an evil or nefarious motive, but none provides the necessary factual bases of the claims for the court to draw a reasonable inference that Defendants are liable for the misconduct alleged. By way of example, White's Complaint *teems* with the following conclusory words or phrases when describing Defendants' conduct: "aided and abetted," "committed" criminal acts or a fraud, "conspired," "engaged in a pattern of conduct," "engaged in a coverup," "failed to prevent," "perpetrated," "retaliated against," and "violated." Such bald assertions do nothing to establish the factual bases for an alleged constitutional or common law claim. The Complaint consists of rambling and conclusory, often nonsensical and incoherent, allegations interspersed with case law and statutory references. While White makes myriad allegations that his constitutional and common law rights have been violated because of the Texas statute requiring those who practice dentistry to be licensed, he sets forth no facts whatsoever that would cause this court to infer or conclude that the statute is not rationally related to Texas's legitimate goal of protecting the health, interest, safety, and welfare of the public. *See Rayborn*, 776 F.2d at 532.

That Plaintiff's Complaint is quite lengthy is of no assistance to the court, and the court deems it to be an unwise investment of scarce judicial resources to provide a blow-by-blow analysis in writing of the Complaint when it has already performed such analysis mentally. Rule 8 only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The

key in determining whether a complaint is sufficient under Rule 8 is whether the allegations are sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman*, 507 U.S. at 168. Plaintiff's Complaint is woefully lacking in factual bases and does not provide such notice to Defendants. The court can only accept "well-pleaded facts" as true. Plaintiff's conclusory factual allegations and legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. In short, the claims asserted by Plaintiff in the Complaint are irrational, wholly unsupported by any factual basis, and are the type of fanciful or delusional claims that warrant dismissal.

### C. Constitutionality of Texas Statute

The practice of dentistry in Texas is governed by the Dental Practice Act. Tex. Occ. Code Ann. §§ 251-267 (West Tex. 2004). In the State of Texas, a person, among other ways, engages in the practice of dentistry if he or she:

> (3)    prescribes, makes, or causes to be made or offers to prescribe, make, or cause to be made by any means an impression of any portion of the human mouth, teeth, gums, or jaws:
>
> > (A)    to diagnose, prescribe, or treat, or aid in the diagnosis, prescription, or treatment, of a physical condition of the human mouth, teeth, gums, or jaws; or
> >
> > (B)    to construct or aid in the construction of a dental appliance, denture, dental bridge, false teeth, dental plate of false teeth, or another substitute for human teeth;
>
> . . . .
>
> (5)    fits, adjusts, repairs, or substitutes or offers to fit, adjusts, repair, or substitute in the human mouth or directly related and adjacent masticatory structures a dental appliance, structure, prosthesis, or denture;

> (6)     aids in the fitting, adjusting, repairing, or substituting or causes to be fitted, adjusted, repaired, or substituted in the human mouth or directly related and adjacent masticatory structures a dental appliance, structure, prosthesis, or denture;
>
> . . . .
>
> (10)     represents that the person is a denturist or uses another title that is intended to convey to the public that the services offered by the person are included within the practice of dentistry.

Tex. Occ. Code Ann. § 251.003 (a)(3),(5),(6), and (10) (West 2004).   No person may "practice or offer to practice dentistry unless the person holds a license issued by the [State Board of Dental Examiners]."   *Id.* § 256.001.   The statute also provides for exemptions from the practice of dentistry. *See id.* § 251.004.   None of the exemptions, however, applies to Plaintiff.

Even if the court were to conclude that Plaintiff's Complaint survived a Rule 12(b)(6) motion with respect to the sufficiency of the allegations, it nevertheless fails to state viable claims as a matter of law, as the Texas statute that requires those practicing dentistry in Texas to be licensed is a valid exercise of the State's police power.   Long-standing precedent holds that "a state may, consistent with the Fourteenth Amendment, prescribe that only persons possessing the reasonably necessary qualifications of learning and skill shall practice medicine or dentistry."   *Graves v. Minnesota*, 272 U.S. 425, 426 (1926) (citing *Dent v. West Virginia*, 129 U.S. 114, 122 (1889)). "Every presumption is to be indulged in favor of the validity of the statute" enacting the legislation. *Graves*, 272 U.S. at 428.   Statutes or laws enacted under the police power "may only be declared unconstitutional where they are arbitrary or unreasonable attempts to exercise authority vested in [the state] in the public interest."   *Id.* (citations omitted).   "States have a compelling interest in the practice of professions within their boundaries, and that as part their power to protect the public

health, safety, and other valid interests they have broad power to establish standards for licensing practitioners and regulating the practice of professions." *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975); *see also Rayborn,* 776 F.2d at 531 (rejecting a litigant's argument that the prohibition against denturism bore no rational relationship to the state's legitimate objective of protecting the health, safety, and welfare of the public).

Likewise, Texas courts have upheld the right of the State of Texas to regulate the practice of dentistry as a legitimate exercise of its police power. "[T]he Legislature, in the exercise of the police power, may regulate occupations and professions." *Satterfield v. Crown Cork & Seal Co.*, 268 S.W.3d 190, 217 (Tex. App.—Austin 2008, no pet.). As aptly stated by one Texas court:

> It is of course well settled that the practice of dentistry, relating as it does to the public health, is subject to governmental control. The state therefore has the power to prescribe reasonable regulations for the granting of licenses to practice dentistry, and may delegate to an administrative board or agency the authority to pass upon the qualifications of applicants and to grant or refuse licenses.

*Francisco v. Board of Dental Exam'rs*, 149 S.W.2d 619, 621 (Tex. Civ. App.—Austin 1941, writ ref'd). Based on the federal and state authority cited, Texas clearly has a legitimate, if not compelling, state  interest to protect the public health and safety by requiring those who practice dentistry to obtain a license and establish that they are sufficiently skilled and qualified to offer dentistry services to the public. For this reason, it is beyond cavil that the State of Texas, through the exercise of its police power, can constitutionally require those who practice dentistry within its borders to obtain a license to do so. Further, Plaintiff has pleaded no facts alleging that the statute is somehow arbitrary or constitutes an unreasonable exercise of the State's police power. The Texas statute regulating the practice of dentistry is in no way repugnant to the United States Constitution, and it does not serve as a basis for Plaintiff to assert any common claim under state law.

**Memorandum Opinion and Order - Page 12**

IV.    **Amendment of Pleadings**

White has amended his original pleading once.  He filed his Original Complaint in October 2010.   United States Magistrate Judge Paul D. Stickney submitted two Magistrate Judge Questionnaires to White in an effort to clarify the nature of Plaintiff's lawsuit.  White filed responses to the Questionnaires.  *See* Document Entries 5 and 8 of the Clerk's Docket Sheet.  The two responses did nothing to provide the required factual bases to support White's claims.  On January 20, 2011, after he had responded to the Magistrate Judge's Questionnaire, White filed the current Complaint, which the court has ruled to be factually and legally deficient.

When considering whether to allow an amendment of the pleadings, a district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).  Plaintiff should not be allowed to amend for two reasons.  First, he has had sufficient opportunity to set forth facts to state viable claims if they exist.  Allowing further attempts to amend will only result in undue delay.  The court is not convinced that Plaintiff can amend his pleadings to state sufficient factual details consistent with what is required to defeat a Rule 12(b)(6) motion.  Second, as this court has upheld the constitutionality of that portion of the Texas Dental Practice Act that serves as the basis for Plaintiff's lawsuit, further attempts at amendment to state a claim are futile.  There is simply no way that Plaintiff can plead his way around the validity of the statute in question.  Accordingly, the court will not permit further amendment of Plaintiff's pleadings.

## V.     Other Defenses

Defendants have asserted other defenses such as lack of standing, statute of limitations, issue preclusion (collateral estoppel), and claim preclusion (res judicata).  As the court has disposed of the motion to dismiss or other grounds, it determines that these defenses need not be addressed and declines to do so.

## VI.     Status of "Complaint" filed April 11, 2011

On April 11, 2011, Keith Allison filed a document, purportedly on behalf of himself and a number of other individuals, that the clerk's office designated as a "Second Amended Complaint with Jury Demand."  *See* Docket Entry 18.  In the document, the persons named in the caption state that they desire to join in the lawsuit filed by White as "co-plaintiffs."  White is listed as one of the "Plaintiffs" in this document.  Further, this document lists only the American Dental Association as a defendant.  To the extent "Plaintiffs" desire this to be a second amended complaint, neither consent of Defendants nor leave of court was obtained by White as required by Rule 15(a) of the Federal Rules of Civil Procedure.  Further, to the extent "Plaintiffs" seek to join the original lawsuit, they have not moved pursuant to the Federal Rules of Civil Procedure allowing joinder of parties and have not been permitted by the court to do so.  Moreover, to the extent "Plaintiffs" seek to intervene, they have not moved in accordance with Rule 24 of the Federal Rules of Civil Procedure. Finally, as the court will dismiss White's Complaint with prejudice, there is no action in which "Plaintiffs" can become or join as "co-plaintiffs."[3]  Accordingly, their request to become plaintiffs and all motions filed by Keith Allison will be denied as moot.

---

[3]As a final note, the docket sheet does not reflect that "Plaintiffs" listed in the document filed April 11, 2011, have served Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## VII.   <u>Conclusion</u>

For the reasons herein stated, the court **concludes** that the Board is immune from suit pursuant to the Eleventh Amendment, that Plaintiff George M. White's Complaint fails factually and as a matter of law to state a claim upon which relief can be granted.  Accordingly, the court **grants:** (1)  Defendant Texas Dental Association's Motion to Dismiss; (2) Defendant State Board of Dental Examiners' Motion to Dismiss Plaintiff's Amended Complaint; and (3) Defendant American Dental Association's Motion to Dismiss All Claims Without Leave to Amend.  The court **denies** the remaining motions (4-17).  The court **dismisses** this action **with prejudice** as to Plaintiff George M. White.  The court **denies as moot** Keith Allison's and other "Plaintiffs'" request to be made a part of this lawsuit.  The court will issue judgment by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 16th day of February, 2012.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 15**