IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE M. WHITE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2087-L** |
| | § | |
| **AMERICAN DENTAL ASSOCIATION,** | § | |
| it constituent associations and/or societies, | § | |
| their members and the members marital | § | |
| estates; **THE TEXAS STATE BOARD** | § | |
| **OF DENTAL EXAMINERS; and TEXAS** | § | |
| **DENTAL ASSOCIATION** and their consti- | § | |
| tuent associations and/or societies, their mem- | § | |
| bers and their members marital estates, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff George M. White's Motion for Reconsideration, filed March 14,

2012. After careful consideration of the motion, responses, reply, record, and applicable law, the

court **denies** Plaintiff George M. White's Motion for Reconsideration.

## I.      Introduction

The court clerk designated Plaintiff's motion as one for reconsideration because he requested

the court to "dismiss its prior findings in favor of the defendants, and correct its opinion and find

in favor of the plaintiff[]s." Pl.'s Mot. 2. The Federal Rules of Civil Procedure do not recognize

or provide for a motion to reconsider, and a court is to treat such motion as one filed pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure. *St. Paul Mercury Ins. Co. v. Fair Grounds

Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Accordingly, the court applies the standard applicable to

a Rule 59(e) motion.

**Memorandum Opinion and Order - Page 1**

In his motion, Plaintiff contends that Defendants in this case "have never made any attempt to file copies with any of the plaintiffs of the apparently numerous motions they filed with the Court in re the plaintiff's lawsuit against the American Dental Association, et al." Pl.'s Mot. 1.  Plaintiff contends that he was deprived of all communications that Defendants filed with the court and that such alleged deprivation to the information was obviously "a deliberate act in order to make it impossible for plaintiff[]s to file any responses to defendants['] motions." *Id.*  White further states that it was impossible to respond to Defendants' motions because of their alleged failure to provide him with all court filings.  Finally, Plaintiff states that he is "aware of the Court's desire to hold conversations with the defendants['] attorneys without the plaintiff[]s being present, or learning of the outcome and/or purpose of those conversations." *Id.* at 2.

Defendants in this case are the [Texas] State Board of Dental Examiners ("SBDE"), the American Dental Association ("ADA"), and the Texas Dental Association ("TDA").  The SBDE and ADA responded to Plaintiff's motion; the TDA did not file a response to the motion.

## II.   <u>Standard for a Rule 59(e) Motion</u>

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted).  Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted).  It may not be used to relitigate issues that were resolved to the movant's dissatisfaction.  *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).  A Rule 59(e) motion may not raise arguments or present evidence that could have been raised  prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159

(5th Cir. 1990) (citation omitted).  When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).  "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).  In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*.  With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III.   Discussion

The record does not support Plaintiff's request to reconsider or his version of the facts.  The record indicates that Plaintiff not only had the opportunity to respond to the motions to dismiss but actually responded.  Further, the ADA produced proof that it served its motion to dismiss and its reply by certified mail on April 25, 2011, and May 23, 2011.  On April 27, 2011, return receipts regarding these documents were received by the ADA with a signature for Plaintiff.  The court clerk's docket sheet reflects that Plaintiff filed a response and surreply.  Doc. Nos. 28, 35.  Plaintiff

therefore was not deprived of the opportunity to present information and argument to the court regarding the dispositive motion of the ADA.

Likewise, the court finds Plaintiff's argument unavailing with respect to the SBDE. The SBDE served Plaintiff by certified mail with a copy of its motion to dismiss on April 25, 2011. The SBDE received a return receipt with a signature for Plaintiff on April 27, 2011. Subsequently, Plaintiff filed a response to the motion to dismiss and a surreply to the SBDE's reply. Doc. Nos. 28, 35. Once again, the court determines that Plaintiff has had a full and fair opportunity to respond to a defendant's dispositive motion.

As the court stated previously, the TDA did not file a response to the motion to reconsider. The lack of a response, however, is of no moment. This is so because the response and surreply filed by White reference *all* three Defendants and requests the court to deny Defendants' motions to dismiss. In both the response and surreply, Plaintiff repeatedly uses the word "defendants," as opposed to "defendant." He is clearly speaking in terms of what all three Defendants allegedly did or failed to do. White wrote a combined total of 34 pages in his response and surreply to inform the court why he believed that Defendants' alleged acts or omissions were unconstitutional under the United States and Texas Constitutions, violated certain criminal statutes, and created common law causes of action under Texas law. For all of these reasons, White was fully apprised of the arguments of Defendants, and he has no legal basis to assert otherwise.

White's statement that the court desired to hold conversations with the attorneys for Defendants is patently false. The court has neither contemplated nor held any *ex parte* conversations with the attorneys of any party and takes umbrage to Plaintiff's bald and preposterous statement. The court believes that this outlandish accusation was made by Plaintiff because he does not agree

with the court's ruling on February 16, 2012.  As the statement contains not even a scintilla of truth, the court will spend no further time on the matter.

As a final attempt to persuade the court regarding his motion to reconsider, Plaintiff filed a reply and requested that the court ignore Defendants' latest attempt to justify dismissal of this case. Plaintiff's reply also rehashes arguments previously rejected by the court.  The court determines these tactics to be unpersuasive.

IV.   **Conclusion**

In applying the applicable standard for a motion to amend or alter the judgment, the court determines that Plaintiff fails to establish a manifest error of law or fact, and fails to present any newly discovered evidence.  Further, he has not shown that there has been an intervening change in the controlling law.  The motion by Plaintiff is simply an attempt to relitigate and revive issues that have been soundly rejected by the court.  Regardless of how Plaintiff characterizes his claims against Defendants, they fail as a matter of law for the reasons set forth in the court's Memorandum and Opinion Order, filed February 16, 2012.  No amount of clever arguments or legal legerdemain can create viable claims.  There is no legal basis for the court to modify its earlier ruling. Accordingly, the court **denies** George M. White's Motion for Reconsideration.

*The court **directs** White to file no other documents in this case, unless it is to appeal this court's judgment.  The court gave Plaintiff the benefit of the doubt because he is pro se and did not assess attorney's fees and costs against him for filing this lawsuit.  The court now informs Plaintiff that it will consider any further attempts to litigate this action, except to appeal, to be frivolous. Frankly, the court believes an appeal to the Fifth Circuit would be frivolous; however, the court "has no dog in the fight" regarding an appeal, as it will be an issue decided by the Fifth Circuit.*

*In any event, the court* **will impose sanctions** *against Plaintiff if he files any other document with the court, unless it is a notice of an appeal or a document related to such an appeal.*

      **It is so ordered** this 6th day of April, 2012.

Sam A. Lindsay
United States District Judge